UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RODERICK LAMAR DUVAL,**

    Petitioner,

v.                                                               Case No. 8:20-cv-236-MSS-SPF
                                                                Case No.: 8:18-cr-30-MSS-SPF

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

Petitioner Roderick Lamar Duval moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 1) An earlier order denied the motion in part, rejecting Duval's claim that counsel was ineffective for not timely filing a notice of appeal and deferring ruling on the three remaining claims. (Civ. Doc. 11) In accord with the Court's directions, the United States filed a supplemental response to the motion in which it responded to the three remaining claims. (Civ. Doc. 14) Duval did not reply, although he was afforded thirty days to do so.

**I.    Background**

Duval pleaded guilty under a plea agreement to possession with intent to distribute heroin and fentanyl within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 860(a). (Crim. Doc. 23) Duval was sentenced as a career offender under U.S.S.G. § 4B1.1 because of his prior controlled substance felony convictions. (Crim. Doc. 33 at ¶ 23) Duval's total offense level of 31 and his criminal history category of VI resulted in an advisory guidelines range of 188 to 235 months' imprisonment. (*Id.* at 27, 51, and 83) The

Court denied Duval's motion for a downward variance and sentenced him to a low-end guideline sentence of 188 months' imprisonment. (Crim. Doc. 46 at 26) Duval did not appeal.

Instead, Duval filed a Section 2255 challenging his conviction on four grounds: (1) that his guilty plea was unknowing and involuntary (Ground One), (2) that counsel failed to advise him before he pleaded guilty that he would be sentenced as a career offender (Ground Two), (3) that counsel was ineffective at sentencing because he failed to notify the Court to comply with U.S.S.G. § 1B1.3 as amended by Amendment 790, and (4) that counsel failed to file a timely notice of appeal—the claim which the Court rejected.

## II.    Discussion

To succeed on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating performance, the district court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Ci. 1995) (*en banc*) (citations omitted).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). "Judicial scrutiny of counsel's performance must be highly

2

deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citations omitted). Indeed, "it does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Waters*, 46 F.3d at 1522.

A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 2004).

A.     Grounds One and Two: Pre-Plea Ineffective Assistance

Duval asserts related claims in Grounds One and Two. He claims that his guilty plea was unknowing and involuntary because counsel failed to advise him before he pleaded guilty that he could be sentenced as a career offender. Duval "believed" he would receive a sentence between 33 and 41 months. (Civ. Doc. 1 at 13) Also, Duval claims that "counsel's inadequate investigation of the facts and deficient legal research resulted in inaccurate advice at the plea bargaining stage of the proceeding." (*Id.* at 14) Duval contends he would not have pleaded guilty and would have insisted on proceeding to trial if he knew he could be sentenced as a career offender. (*Id.* at 13) In his responsive affidavit, counsel represents that he informed Duval "several times prior to his guilty plea, pursuant to a written plea agreement, that he

3

would qualify as a 'career offender' at sentencing pursuant to U.S.S.G. § 4B1.1." (Civ. Doc. 14-1 at 2)

Accepting as true that counsel failed to advise Duval before he pleaded guilty that he could be sentenced as a career offender, Duval has not shown he was prejudiced by that failure. Duval's claim that he was misinformed about the consequences of his guilty plea is contradicted by the record. During the plea hearing, Duval confirmed that he understood (1) that he faced a maximum sentence of 40 years, (2) that the sentencing guidelines are advisory, and (3) that this Court would consider the guidelines and other sentencing factors as required by law when imposing a sentence. (Crim. Doc. 48 at 13–15) He acknowledged that his sentence may be different than any sentence estimated by counsel. (*Id.* at 15) Also, Duval told the Court he was satisfied with counsel's performance. (*Id.* at 8) Duval offers no argument or evidence to disavow his sworn statements at the plea hearing. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

Counsel's presumed failure to advise Duval about the possibility of a career offender enhancement does not undermine the knowing and voluntary nature of his guilty plea because Duval acknowledged his understanding of the maximum possible sentence at the plea hearing. *See United States v. Himick*, 139 F. App'x 227, 229 (11th Cir. 2005) (citing *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990)) ("[A] defendant's reliance on an attorney's mistaken impression about the length of [the] sentence [including the applicability of a career offender enhancement] is insufficient to render a plea involuntary as long as the court informed the defendant of [the] maximum possible sentence[.]"). Furthermore, advance notice of a career offender enhancement is not required. *United States v. Viaud*, 601 F. App'x

833, 835 (11th Cir. 2009) ("The government was not required to follow the notice requirements when a defendant received an enhanced sentence as a career offender under the guidelines, so long as the enhanced sentence was still within the permissible statutory range."). Finally, Duval cannot demonstrate he was prejudiced by counsel's performance because his sentence of 188 months is below the statutory maximum and at the low-end of the guidelines range. Duval has not shown that there is a reasonable probability that but for counsel's allegedly inaccurate advice about the career offender enhancement he would not have pleaded guilty and would have proceeded to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In Ground Two, Duval contends that counsel "did not discuss the developing law concerning Florida statute § 893.13." Construing the assertion broadly, Duval perhaps intends to reference *Shular v. United States*, __ U.S. __, 140 S. Ct. 779, 782, 787 (2020), in which the Supreme Court ruled that a conviction under Florida Statute § 893.13 qualifies as a serious drug offense under the Armed Career Criminal Act. *Shular* provides no support for Duval's claims.

**B.     Ground Three: Ineffective Assistance at Sentencing**

Duval claims that counsel was ineffective at sentencing for "not inform[ing] the court that it should comply with U.S.S.G. § 1B1.3, as amended by Guidelines Amendment 790." He alleges that counsel's failure to do so resulted in "a due process error and ineffective assistance of counsel claims." He argues that if counsel had "push[ed] for an accurate finding of drug weight and other relevant conduct facts," such finding would demonstrate "an accurate portrait of [his] drug activities" as "primarily personal use, rather than distribution." (Civ. Doc. 1 at 16)

5

Duval cannot demonstrate he was prejudiced by counsel's performance. Duval affirmed that he sold an undercover officer .374 grams of a substance containing heroin and fentanyl, which is the exact amount for which he was held accountable. (Crim. Doc. 23 at 19 and Crim. Doc. 33 at ¶¶ 11, 17)  Section 1B1.3(a)(1)(B), which concerns jointly undertaken criminal activity, is inapplicable because Duval was charged as a single participant for possession with intent to distribute controlled substances. An objection made under § 1B1.3(a)(1)(B) regarding the drug quantity would have been meritless. *See Brewster v. Hetzel*, 913 F.3d 1042, 1056 (11th Cir. 2019) ("Defense counsel . . . need not make meritless motions or lodge futile objections."); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance.").

### III.    Need for Evidentiary Hearing

A district court deciding a Section 2255 motion may "order . . . its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003) (quoting 28 U.S.C. § 2255).  No hearing is required when the record establishes that a Section 2255 claim lacks merit, *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).  Duval has not established the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (*en banc*).

### IV. Conclusion

Accordingly, Duval's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**. The **CLERK** is directed to enter a judgment against Duval, to **CLOSE** this case, and to enter a copy of this order in the criminal action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Duval is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Duval must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Duval has not shown that reasonable jurists would debate either the merits of the claims or the procedural issues. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Duval must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 7th day of March 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE